UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DEAN W. ALBRECHT,                                          Civil No. 11-1017 (SRN/SER)

    Plaintiff,

v.                                                         **ORDER**

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

---

    Wayne G. Nelson, Esq. Law Offices of Wayne G. Nelson, 5500 Wayzata Boulevard, Suite 1025, Minneapolis, MN 55416, on behalf of Plaintiff.

    David W. Fuller, Esq. Office of the United States Attorney, 600 U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, on behalf of Defendant.

---

SUSAN RICHARD NELSON, United States District Judge

    This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge Steven E. Rau dated May 24, 2012 [Doc. No. 14]. In the R&R, Magistrate Judge Rau recommended that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion for Summary Judgment. Plaintiff filed timely objections to the R&R [Doc. No. 16], and Defendant responded to those objections [Doc. No. 17].

    According to statute, the Court must conduct a *de novo* review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). Based on that *de novo* review, the Court adopts the R&R.

1

**I.     BACKGROUND**

The full factual background of this Social Security matter is set forth in the thorough R&R. In brief, Plaintiff Dean W. Albrecht applied for Social Security disability insurance benefits for an alleged disability with an onset date of May 6, 2007. (Admin. R. at 111-13, 138 [Doc. No. 5].) He claimed disability due to pain in his shoulders and low back from degenerative joint disease. (Id. at 143)

As required by statute, the Social Security Administration Commissioner ("Commissioner") convened a hearing before an Administrative Law Judge ("ALJ") to determine whether Plaintiff should receive such benefits. (Id. at 25-51) At this hearing, ALJ William Brown heard testimony from Plaintiff, Medical Expert ("ME") Dr. Frank Indihar, and Vocational Expert ("VE") Mitch Norman. (Id.) In his March 15, 2010 decision, the ALJ found that Plaintiff had a severe impairment—degenerative disc disease of the lumbar spine. (Id. at 15) However, the ALJ found that this impairment did not meet or equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Id. at 16) Additionally, after considering the record, including hearing testimony, reviewing Plaintiff's medical records and the state agency's consulting physicians' opinions, the ALJ found that Plaintiff maintained the Residual Functional Capacity ("RFC") to perform light work, subject to certain limitations. (Id. (citing 20 C.F.R. 404.1657(a)))

The ALJ did not give great weight to the opinions of Plaintiff's primary care doctor, Dr. Retzinger, because in his view, the objective medical evidence did not support Dr. Retzinger's opinions. (Id. at 19) Instead, the ALJ concluded that Dr. Retzinger's opinions appeared to be primarily based upon Plaintiff's subjective complaints. (Id.) Furthermore, the ALJ discounted the findings of the functional capacity evaluation ("FCE") because a physical therapist and not a

2

licensed physician conducted the examination. (Id.) While recognizing that Plaintiff suffers from pain and fatigue, the ALJ maintained that his symptoms were not "so severe as to preclude any kind of gainful employment." (Id.) Additionally, the ALJ stated that many of Plaintiff's daily activities were also inconsistent with disability. (Id.)

The ALJ determined that Plaintiff had the RFC to perform sedentary work defined in 20 C.F.R. 404.1567(a),

> requiring lifting ten pounds occasionally and five pounds frequently; standing or walking two hours in an eight-hour day; sitting six hours in an eight hour day, with a change of position at thirty minute intervals; no climbing of ropes, ladders and scaffolds; no work at heights or around hazards or hazardous machinery; occasional balancing, stooping, crouching, kneeling, and crawling; and no more than occasional overhead reaching.

(Id. (citing 20 C.F.R. 404.1657(a))). Ultimately, the ALJ concluded that Plaintiff was capable of performing jobs existing in significant numbers in Minnesota and therefore was not disabled nor entitled to disability benefits. (Id. at 20)

On December 20, 2010, the Social Security Appeals Council denied review of the ALJ's decision. (Id. at 2-5) At that point, the ALJ's decision was rendered final. (Id.); See 42 U.S.C. § 405(g); Wilburn v. Astrue, 626 F.3d 999, 1002 (8th Cir. 2010); Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992); 20 C.F.R. § 404.981. On April 20, 2011, Plaintiff commenced this action, appealing the agency's decision. (Compl. ¶ 1-7 [Doc. No. 1].) The parties both moved for summary judgment, leading to Magistrate Judge Rau's recommendation that summary judgment be granted in Defendant's favor. (R&R at 1, 29 [Doc. No. 14].) In reaching his recommendation to grant Defendant's motion and to deny Plaintiff's motion, the Magistrate Judge found that substantial evidence on the record as a whole supported the ALJ's decision. (Id. at 28.) He also found that supplemental evidence submitted by Plaintiff in conjunction with his summary judgment motion did not require remand or reversal of the ALJ's decision. (Id.)

In his objections to the findings of the ALJ, Plaintiff alleges that the hypothetical question posed to the VE at the hearing did not include all of Plaintiff's impairments, particularly the pain he suffers and the drowsiness that his pain medication causes him. (Id. at 21). Second, Plaintiff contends that the ALJ and R&R improperly rejected the opinion of Dr. Retzinger, while relying solely on the medical opinion of Dr. Indihar, the non-treating ME who testified at the hearing. (R&R at 21 [Doc. No. 14].); (Pl.'s Objections to R&R at 1 [Doc. No. 16].) Finally, Plaintiff argues that the ALJ improperly discredited his complaints of debilitating pain. (R&R at 21 [Doc. No. 14].)

## II.   DISCUSSION

This Court's review of the Commissioner's decision is

> to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently.

McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000) (citations omitted).

### A.  Substantial Evidence in the Record as a Whole

After reviewing the entire medical record, this Court finds that the Magistrate Judge properly found that the ALJ's determinations regarding Plaintiff's impairments and his RFC were supported by substantial evidence in the record as a whole. (Id. at 28) In particular, the Magistrate Judge properly found that the ALJ's determination was appropriately based on the consideration of all the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984).

### 1. Medical Evidence and Expert Testimony

Plaintiff contends that the opinion of the ME is not entitled to greater weight than the treating physician's opinion. However, as the Magistrate Judge correctly stated, a treating physician's opinion is only entitled to controlling weight if medically acceptable clinical and laboratory diagnostic techniques support the opinion, and the opinion is not inconsistent with other substantial evidence in the record. Hamilton v. Astrue, 578 F.3d 873, 879 (8th Cir. 2009); (R&R at 21 [Doc. No. 14].) If an ALJ determines that the treating physician's opinion does not meet those criteria, the ALJ does not need to accept the treating physician's opinion. Clevenger v. Soc. Sec. Admin., 567 F.3d 971, 974 (8th Cir. 2009).

Although Dr. Retzinger had a long-term relationship with Plaintiff, the objective evidence he cited did not support his RFC opinion. Instead, as the Magistrate Judge concludes, the ME's opinion is more consistent with the RFC than Dr. Retzinger's opinion. For instance, Dr. Retzinger premised his opinion of complete disability upon Plaintiff's lumbar x-rays that were "suggestive of fairly severe osteoarthritis." (Admin. R. at 255 [Doc. No. 5].) However, the ME testified that the x-ray showed degenerative changes found in similar full-time working individuals. (Id. at 46) Additionally, the ME testified that objective indicators of pain such as positive straight leg raising, reflex changes, atrophy of a limb, and decreased range of motion, were absent from Plaintiff's physical examinations. (Id. at 45) Finally, an August 2007 MRI of Plaintiff's lumbar spine displayed almost entirely mild degenerative changes. (Id. at 263-54)

In addition, Dr. Dan Larson, a state agency consulting physician, reviewed Plaintiff's medical records, completed a Physical Residual Functional Capacity Assessment Form, and concluded that Plaintiff was not completely disabled. (Admin. R at 256, 268-70 [Doc. No. 5].) In contrast to Dr. Retzinger's opinion, Dr. Larson stated that Plaintiff could engage in work that

included frequently lifting 25 pounds. (Id. at 268-70)  Two other state consulting physicians, Dr. Jeffrey Gorman and Dr. Yondell, both affirmed Dr. Larson's assessment. (Id.)

Consequently, the Magistrate Judge properly determined that the ALJ's decision to give greater weight to the ME than the treating physician was supported by substantial evidence on the record as a whole. See Casey v. Astrue, 503 F.3d 687, 694 (8th Cir. 2007) (stating that, "conclusory opinions not backed by medically acceptable clinical and laboratory diagnostic data carry limited weight in the disability analysis").

Second, the Magistrate Judge properly rejected the findings of a FCE that a physical therapist conducted on Plaintiff.  While a physical therapist's opinions may be considered valuable because they provide further insight into the health of a patient, they are not considered "medical opinions."  See Sloan v. Astrue, 499 F.3d 883, 888-89 (8th Cir. 2007) (citing Social Security Ruling (SSR) 06-3p, 71 Fed. Reg. 45,593 (Aug. 9, 2006)); 20 C.F.R. § 404.1513(a), (d). Here, inconsistencies between the FCE results and the evidence in the record led the Magistrate Judge to correctly discount the findings of the FCE.  For instance, "[p]hysical examinations of [Plaintiff's] spine were almost entirely normal, and revealed nothing to support the limitations suggested in the FCE."  (R&R at 24 [Doc. No. 14].)

Finally, Plaintiff alleges that the Magistrate Judge unfairly considered the lack of evidence showing that Plaintiff completed physical therapy.  (Pl.'s Objections to R&R at 4 [Doc. No. 16].)   Specifically, Plaintiff states that, while there is no evidence suggesting that he attended physical therapy and chiropractic treatments, it should not be assumed that he did not undergo such treatment.  (Id.)  In fact, he argues that the ALJ should have sought to obtain Plaintiff's physical therapy or chiropractic records. The burden is on Plaintiff, however, to produce evidence showing disability.  20 C.F.R. § 404.1512.  Without such evidence, the R&R

6

properly discredited Dr. Retzinger's opinion that Plaintiff's pain was unresponsive to physical therapy, chiropractic treatments, and neuropathic and anti-inflammatory medications.

### 2. Credibility of Plaintiff's Subjective Complaints

As it pertains to Plaintiff's contention that the ALJ did not conduct a proper credibility analysis using the factors identified in Polaski v. Heckler, the Magistrate Judge correctly concluded otherwise. As the Magistrate Judge stated, Albrecht's infrequent evaluation for the pain and the effectiveness of his pain medication are inconsistent with the severity of his subjective complaints and with total disability. (R&R at 26 [Doc. No. 14].) Specifically, Plaintiff argues that infrequency in visiting a doctor should not be used to discount his subjective complaints. (Id. at 3-4) However, the infrequency of the doctor's visits provides insight into the effectiveness of the pain medication. As the Magistrate Judge correctly notes, when Plaintiff did visit the doctor, he stated that the pain medication "reasonably" controlled his pain. (Id. at 27) Understandably, the infrequency in doctor's visits suggests the course of treatment was managing Plaintiff's pain. This fact coupled with the lack of objective medical evidence supporting Plaintiff's assertions that the pain was too severe to perform sedentary work demonstrates that the ALJ and Magistrate Judge properly considered Plaintiff's subjective complaints of pain.

### 3. Hypothetical Posed to the VE

Plaintiff also asserts that the hypothetical posed to the VE at the hearing did not include all of Plaintiff's impairments, specifically all "the pain he suffers and drowsiness from his medication." (Pl.'s Objections to R&R at 1 [Doc. No. 16].) However, the VE stated in his testimony that if an individual were to miss one day of work per week due to "excessive pain or fatigue," that individual would not be able to compete in the economy. (Admin. R. at 50 [Doc.

No. 5].)  Therefore, the VE clearly took into consideration "the pain he suffers and drowsiness from his medication." (Pl.'s Objections to R&R at 1 [Doc. No. 16].)

Importantly, the only side effect to the medication that Plaintiff noted at the administrative hearing was constipation. (Id. at 27)  Additionally, while Plaintiff is correct that the ME stated that light exertional work could aggravate pain, the record does not suggest that the level of aggravation would be completely disabling. (Id. at 42-43, 45)  Instead as the ME testified, "there were many indications of pain that were absent in [Plaintiff's] examinations . . . ." (R&R at 13 [Doc. No. 14] (citing Admin. R.at 45 [Doc. No. 5].))  The level of pain was commensurate with that suffered in a variety of full-time working individuals. (Admin. R at 45 [Doc. No. 5].)

Additionally, the Magistrate Judge properly addressed Plaintiff's contention that the ALJ erred in imposing sitting and standing restrictions.  Plaintiff contends that the ALJ drew his own inferences from the record about what restrictions were needed instead of relying on the medical opinion concerning Plaintiff's RFC. (R&R at 21 [Doc. No. 14].)   However, the Magistrate Judge correctly stated that the ALJ must consider some medical evidence, but medical evidence alone is not dispositive in reaching an RFC determination.  Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Circuit) (citing Dykes v. Apfel, 223 F.3d 865, 867 (8th Cir. 2000) (per curiam)); 20 C.F.R. § 404.1545(c).  Instead, the RFC is an issue that is reserved for the Commissioner.  20 C.F.R. §§ 404.1545(a)(3); 404.1527(d)(2).

### B. Plaintiff's Additional Evidence

The Magistrate Judge also considered additional evidence that Plaintiff submitted.  The Eighth Circuit has held:

> [o]nce it is clear that the Appeals Council has considered newly submitted evidence, we do not evaluate the Appeal's Council's decision to deny review. Instead, our role is

> limited to deciding whether the administrative law judge's determination is supported by substantial evidence on the record as a whole, including the new evidence submitted after the determination was made.

Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

In this instance, the new evidence considered included: a March 2010 treatment record, an April 2010 letter from Dr. Retzinger, and a May 2010 letter from Dr. Timothy Buckley. The March 2010 treatment record from Dr. Retzinger states that the dosage of oxycodone assisted Plaintiff in remaining functional. (Admin. R. at 323-24 [Doc. No. 5].) Additionally, the treatment record indicates that Plaintiff's physical examination was normal. (Id.) This evidence supports the Court's conclusions that the objective evidence and the effectiveness of Plaintiff's pain medication were inconsistent with Plaintiff's subjective complaints of disabling pain.

In April 2010, Dr. Retzinger wrote a letter disagreeing with the ALJ's decision, stating: "I do feel that [Plaintiff's] complaints of chronic subjective pain and inactivity with resultant loss of conditioning . . . renders him unable to be gainfully employed." (Id. at 350) However, this letter simply repeats Dr. Retzinger's opinion but provides no further support for that opinion.

Finally, in May 2010, Dr. Timothy Buckley, a rheumatologist, submitted a letter stating that he believed that Plaintiff was disabled. (Id. at 352) However, Dr. Buckley's treatment record is not in the Court's record. Additionally, the letter does not mention his own examination and evaluation of Plaintiff. Instead, Dr. Buckley relied on the FCE in forming his opinion that Plaintiff was disabled. (Id.) However, as discussed previously, the findings of the FCE are discounted because a physical therapist and not a licensed physician conducted the examination. (Id. at 19) Therefore, Dr. Buckley's opinion does not change the Court's conclusion that substantial evidence in the record supports the ALJ's decision.

9

## III. CONCLUSION

Because the Magistrate Judge properly found that substantial evidence on the record as a whole supports the ALJ's ruling, the report and recommendation is adopted in its entirety.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation [Doc. No. 14] is **ADOPTED;**
2. The Plaintiff's Motion for Summary Judgment [Doc. No. 8] is **DENIED;** and
3. Defendant's Motion for Summary Judgment [Doc. No. 10] is **GRANTED.**

**LET THE JUDGMENT BE ENTERED ACCORDINGLY**

Dated: August 3, 2012

                                              s/ Susan Richard Nelson
                                              SUSAN RICHARD NELSON
                                              United States District Judge